FRANKLINE BUMA BOBNYONGA
GEO AURORA DETENTION CENTER
3130 NORTH OAKLAND STREET
AURORA, COLORADO 80010     DETAINED
A208923412

'19 CV-01528

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 28 2019

JEFFREY P. COLWELL
CLERK

FRANKLINE BUMA BOBNYONGA

Petitioner, Pro Se,

v.

WILLIAM P. BARR, Attorney General of the
United States; KIRSTJEN M. NIELSEN, Secretary of
the U.S. Department of Homeland Security;
RONALD VITIELLO, Director of U.S. Immigration
and Customs Enforcement; JEFFREY D. LYNCH,
Denver Field Office Director for Enforcement and
Removal Operations, U.S. Immigration and
Customs Enforcement; JOHNNY CHOATE,
Warden, Denver Contract Detention Facility

Respondents.

Case No.

PETITION FOR WRIT OF

HABEAS CORPUS PURSUANT TO

28 U.S.C.§ 2241

Petitioner respectfully petitions this Honorable Court for writ of habeas corpus
to remedy Petitioner's indefinite detention by Respondents.

1

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction and may grant relief under 28 U.S.C. §2241 (habeas corpus), 28 U.S.C. §1651 (all writs Act), and 28 U.S.C. §1331 (federal question). This Court also has jurisdiction to hear this case under the Suspension Clause of Article I of the United States Constitution. *INS v. St. Cyr*, 533 U.S. 289 (2001).

2. Because Petitioner challenges his custody, jurisdiction is proper in this Court. While the courts of appeals have jurisdiction to review removal orders through petitions for review, see 8 U.S.C. §1252 (a)(1) and (b), the federal district courts have jurisdiction under 28 U.S.C. §2241 to hear habeas petitions by noncitizens challenging the lawfulness of their detention. See, e.g. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Nadarajah v. Gonzales,* 433 F.3d 1069, 1075-76 (9th Cir. 2006).

3. Petitioner has exhausted any and all administrative remedies to the extent required by law.

4. Venue is proper in this District Court of Colorado under 28 U.S.C. § 1391(b) and (e) because at least one Defendant is in this District, the Petitioner is detained in this District, and a substantial part of the events giving rise to the claims in this action took place in this District. All material decisions have been made at the Denver Field Office of Immigration and Customs Enforcement (ICE), which is located in this judicial district.

## JURISDICTION AND PARTIES

This Court has subject matter jurisdiction and may grant relief under 28 U.S.C. § 1331, 28 U.S.C. § 1651 (all writs act), and 28 U.S.C. § 2241.

5. Petitioner Mr. BOBNYONGA is a non citizen currently detained by respondents pending removal proceedings.

6. Respondent Kirsten Nielsen is the Secretary of the U.S. Department of Homeland Security ("DHS"), an agency of the United States. She is responsible for the administrative of the immigration laws. 8 U.S.C. §1103 (a). Secretary Nielsen is a legal custodian of Petitioner She is named in her Official capacity.

7. Respondent WILLIIAM P. BARR is the Attorney General of the United States and the most senior official in the U.S. Department of Justice ("DOJ"). He has the authority to interpret the immigration laws and adjudicate removal cases. The Attorney General delegates this responsibility to the Executive Office for Immigration Review ("EOIR"), which administers the immigration courts and the Board of immigration Appeals ("BIA"). He is named in his official capacity.

8. Respondent Jeffrey D. Lynch Denver Field Office Director responsible for the Field Office of ICE with administrative jurisdiction over petitioner's case. He is a legal custodian of petitioners and is named in his official capacity.

9. Respondent Johnny Choate, is the warden of the facility where petitioner is held. He is a legal custodian of petitioner and is named in his official capacity.

10. All Respondents are sued in their official capacities.

## FACTUAL ALLEGATIONS

11. Petitioner BUMA BOBNYONGA is a noncitizen and a native of Cameroon.

12. Petitioner entered the United States on or about FEBRUARY 29, 2016.

13. Petitioner's Immigration history is as follows petitioner BUMA BOBNYONGA arrived at OTAYMESA, California on FEBRUARY 29, 2016, and was not then in possession of a valid entry document

14. Petitioner's has no criminal history.

15. Petitioner was detained by Immigration and Customs Enforcement on or about FEBRUARY 29, 2016. Petitioner has remained in ICE custody since that date.

16. An Immigration Judge ordered Petitioner removed from the United States on or about October 28, 2016. Petitioner did appeal the Immigration Judge's decision to the Board of Immigration Appeals (BIA).

17. Petitioner received a document titled "Decision to Continue Detention" from ICE on APRIL 1, 2019.

18. Petitioner had cooperated fully with all the ICE's efforts to remove Petitioner.

19. Nonetheless, ICE has been unable to remove Petitioner from the United States. ICE is unlikely to be able to remove Petitioner because of the government of Cameroon seldom failure to issue travel document to expel, return ('refouler') or extradite a person to another state see, 8 U.S.C. §1231 note.

## LEGAL FRAMEWORK

20. In *Zadvydas v. Davis*, the Supreme Court held that the Immigration statue 8 U.S.C. §1231 (a)(6) does not allow ICE to detain a noncitizen indefinitely while attempting to carry out removal. 533 U.S. 678, 689 (2001). Because of the "serious constitutional problem" posed by indefinite detention, the Court read

4

the statute to limit a noncitizen's detention to "a period reasonably necessary to bring about the alien's removal from the United States." *Id.*

21. The Court also recognized six months as the "presumptively reasonable period" of post-removal order detention. *Id.* at 701. After six months, once the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonable foreseeable future," the burden shifts to the government to rebut that showing. *Id.* Moreover, "as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

22. In *Clark v. Martinez*, the Supreme Court held that its ruling in *Zadvydas* applies equally to non citizens who have never been admitted to the United States. 543 U.S. 371 (2005).

## CLAIMS FOR RELIEF

### VIOLATION OF THE IMMIGRATION AND NATIONALITY ACT

23. The foregoing allegations are re alleged and incorporated herein,

24. Petitioner's continued detention is unlawful and violates 8 U.S.C. §1231(a)(6) as interpreted by the Supreme Court in *Zadvydas*. The six-month presumptively reasonable period of detention has expired and Petitioner has provided good reason to believe that his removal is not significantly likely in the reasonably foreseeable future. Therefore, Respondents lack authority to continue detaining Petitioner.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that the Court grant the following relief:

a. Assume jurisdiction over this matter.

b. Issue an order pursuant to 28 U.S.C. §2243 directing Respondents to show cause why the writ of habeas corpus should not be granted.

c. Grant the writ of habeas corpus and order Petitioner's immediate release from custody;

d. Grant any other and further relief as the Court deems just and proper.

Dated: 05/25/2019

Signature: _____

**BUMA BOBNYONGA**

Petitioner, Pro Se.



**PRIORITY MAIL EXPRESS™**
OUR FASTEST SERVICE IN THE U.S.

WHEN USED INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.

EMS

EP13F July 2013 OD: 12.5 x 9.5

PS10001000006

FROM: MR. FRANKLINE BUMA BABNYONGA
GEO AURORA DET. CENTER
3130 N. OAKLAND STREET
AURORA, COLORADO 80010
PHONE: 303-361-6612

TO: THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
ALFRED A ARRAJ COURTHOUSE
901 19th STREET Room A105
DENVER, CO 80294-3589

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

+ Money Back Guarantee for U.S. destinations only.

UNITED STATES POSTAL SERVICE

# PRIORITY ★ MAIL ★ EXPRESS™


SAME GREAT EXPRESS MAIL® SERVICE, WITH A NEW NAME


GUARANTEED* ★ ★ ★ TRACKED ★ ★ ★ INSURED ★

**FLAT RATE ENVELOPE**
ONE RATE ★ ANY WEIGHT*


P S 10 00 1000006    EP13F July 2013   OD: 12.5 x 9.5


UNITED STATES POSTAL SERVICE®

* Money Back Guarantee to U.S., select APO/FPO/DPO, and select International destinations. See DMM and IMM at pe.usps.com for complete details.
* For International shipments, the maximum weight is 4 lbs.